**Melvin HOLLIDAY, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–1278A342.**

Court of Appeals of Indiana,
Third District.

July 17, 1979.

Harriette Bailey Conn, Public Defender, Marcia L. DuMond, David P. Fruend, Deputy Public Defenders, Indianapolis, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Melvin Holliday was charged with first-degree burglary on September 2, 1977, and

he pled guilty to that charge. Pursuant to IC 1971, 35–13–4–4 (Burns Code Ed.), since repealed, he was sentenced to an indeterminate term of not less than ten nor more than twenty years in prison.

Holliday argues that the court below erred when it refused to suspend his sentence and place him on probation.

▇ Under the terms of IC 1971, 35–7–1–1 (Burns Code Ed., 1975), also repealed, which governed suspension of sentences for offenses committed prior to October 1, 1977,[1] the trial court had no power to suspend a sentence for first-degree burglary. Consequently, the trial court committed no error by refusing to do so.

▇ Holliday, however, argues that the sentencing provisions of the criminal code which became effective October 1, 1977, were amelioratory and that he should therefore be entitled to the benefits of the new statutes. *See*: *Dowdell v. State* (1975), Ind.App., 336 N.E.2d 699. He relies principally on the fact that IC 1971, 35–50–2–2 (Burns 1979 Repl.), the new statute governing suspension of sentences, does not prohibit a court from suspending a sentence for the offense of burglary of a dwelling.[2]

This Court has held, however, that an amending statute which does not reduce the maximum penalty for an offense is not amelioratory and does not entitle one who has committed an offense prior to the statute's effective date to be sentenced under the later law. *State v. Turner* (1978), Ind. App., 383 N.E.2d 428; *Wolfe v. State* (1977), Ind.App., 362 N.E.2d 188. In *State v. Turner, supra*, this Court noted that the maximum penalty for burglary of a dwelling was the same as that for first-degree burglary (twenty years in prison). Accordingly, it was held that the Legislature did not intend the new sentencing provisions to be amelioratory. 383 N.E.2d at 431.

Thus, there is no merit to Holliday's argument that his sentence should be revised,

for the trial court properly applied the law in effect at the time of the offense when it pronounced sentence.

The judgment below must be affirmed.

Affirmed.

GARRARD, P. J., concurs.

STATON, J., concurs in result with opinion.

STATON, Judge, concurring in result.

I concur in the result reached by the majority. As to the ameliorative sentencing issue, I would have adopted the reasoning in *Lewandowski v. State of Indiana* (1979), Ind., 389 N.E.2d 706.

---

1. *See*: Acts 1977, P.L. 340, § 150(b).

2. Burglary of dwelling, a class B felony, is the offense which is equivalent to first-degree burglary. *See*: *State v. Turner* (1978), Ind.App., 383 N.E.2d 428, at 430; IC 1971, 35–43–2–1 (Burns 1979 Repl.).