**Rodney L. TURNER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 485S141.

Supreme Court of Indiana.

April 29, 1987.

Rehearing Denied July 1, 1987.

Anthony V. Luber, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of Inflicting Bodily Injury in the Perpetration of Robbery, a Class A felony. Appellant was sentenced to forty (40) years imprisonment.

The facts are: About noon on October 24, 1983, two men, one tall and one short, knocked on the door of the victim's home in South Bend. When the victim opened the door, the men forced their way into her home. One man pulled a telephone from the wall and the other man rifled the victim's purse and hit her on the head with a kitchen pan. The victim was beaten repeatedly with the pan, choked and forced to lie in a bathtub full of water. Her head was forced underneath the water approximately ten times as the two demanded that she tell them the whereabouts of her money. They eventually obtained the victim's car keys and fled in her car.

Police were summoned and the victim gave them a description of the two men, after which she was taken to a hospital where twenty-five stitches were required to close her injuries. Shortly after the robbery, the victim's car was involved in an accident. When police arrived, they noticed the two men who had been driving the car matched the description of the robbers. Appellant and Andre Davis were arrested and taken to the hospital where the victim identified them as the robbers.

In the first and second specifications in his argument, appellant claims the trial court erred in instructing the jury on an edited version of the robbery statute and in refusing to instruct the jury on the statute on included offenses. In the case at bar, the charge was inflicting bodily injury in the perpetration of robbery. The evidence in the case supported the charge. Where evidence does not support the giving of an instruction on the lesser included offense, it is not necessary to give such an instruction. *Jones v. State* (1982), Ind., 438 N.E.2d 972.

■ In view of the evidence in this case, there was no reason for the trial court to read the entire robbery statute. The definitions of robbery, a Class C felony, and robbery, a Class D felony, were not applicable to the case at bar. The same is true as to the giving of instructions on lesser included offenses. There was no evidence to justify giving an instruction on a lesser included offense. *Jones, supra; Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098.

■ Appellant claims the trial court erred in refusing to instruct the jury on circumstantial evidence. It is not necessary to give an instruction on circumstantial evidence when there is direct evidence of defendant's guilt. *Merritte v. State* (1982), Ind., 438 N.E.2d 754. When there is sufficient direct evidence to support the conviction, it is not error to refuse an instruction on circumstantial evidence. *Brendel v. State* (1984), Ind., 460 N.E.2d 919.

In the case at bar, the main evidence against appellant was the direct testimony of the victim and the testimony of his confederate, Davis. With such direct evidence before the jury, there was no need for an instruction on circumstantial evidence.

■ Appellant claims the trial court erred in refusing to instruct the jury on the definition of reckless conduct. This claim fails for the above-stated reason that it is unnecessary to give an instruction when there is no evidence to support such an instruction. Given the facts of this case, it would have been nothing short of ludicrous for the court to have given an instruction on reckless conduct.

■ Appellant contends the trial court erred by giving State's Instruction No. 1 on accessory liability when that theory of liability was not alleged in the information. In the case at bar, there appeared to be some confusion as to whether it was appellant or Davis who committed certain acts during the perpetration of the robbery. It was therefore proper for the trial judge to give an instruction on accessory liability in order for the jury to be clearly informed that both men were responsible for the acts perpetrated. *Abrams v. State* (1980), 273 Ind. 287, 403 N.E.2d 345.

■ Appellant claims the trial court erred in admitting his fingerprints taken without a warrant or court order and not obtained in the booking process. It is lawful to compel a defendant to submit to fingerprints. *Scott v. State* (1982), Ind., 434 N.E.2d 86. In the instant case, there was some difficulty, in that appellant had been fingerprinted in a previous burglary case. Therefore, following his arrest, the police felt they should again fingerprint him for comparison. The prosecuting attorney stated his concern that a disclosure of the prior burglary case might be made in making an explanation for the fingerprinting in the case at bar.

The record discloses that the fingerprints in the instant case were properly taken and there was no reference before the jury to the prior burglary charge or the prior taking of fingerprints. We therefore see no reversible error in this regard.

■ Appellant contends the trial court erred in admitting demonstrative evidence given by the State's fingerprint expert. He claims the evidence was unnecessary, repetitive and cumulative. Evidence of this type is admitted at the discretion of the trial court and is received in order that the jury may understand the technical testimony of the expert. We see nothing in this record or appellant's brief that demonstrates an abuse of the trial court's discretion. *Martin v. State* (1983), Ind., 453

N.E.2d 1001. We see no reversible error in the admission of the testimony.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.