**Ronald D. LUNSFORD, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 20A05–9310–CR–392.

Court of Appeals of Indiana, Fifth District.

May 31, 1994.

Ordered Published Sept. 1, 1994.

Mark A. Armstrong, Hartzog Barker Hepler & Saunders, Goshen, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

SHARPNACK, Chief Judge.

Ronald D. Lunsford, Jr., appeals the sentence imposed by the trial court after determining that Lunsford was a habitual offender following his convictions of battery resulting in bodily injury and of robbery resulting in bodily injury. We affirm.

Lunsford presents one issue for our review, which we restate as whether the court erred in sentencing Lunsford on the basis of the habitual offender statute in force at the time of the offense and Lunsford's conviction rather than on the basis of the amended

version in force at the time of Lunsford's sentencing.

Lunsford's convictions resulted from an incident on November 17, 1992, in which Lunsford physically assaulted Robert and Marjorie Pedzinski and stole Marjorie Pedzinski's purse. After a jury trial on May 11–13, 1993, Lunsford was found guilty of battery resulting in bodily injury as a class A misdemeanor and robbery resulting in body injury as a class B felony. The court then proceeded to the habitual offender phase of the trial, after which the jury returned its verdict finding Lunsford to be a habitual offender.

On July 12, 1993, Lunsford appeared for sentencing. Following arguments of counsel, the court sentenced Lunsford to one year on the battery count and twenty years on the robbery count, the latter enhanced by thirty years pursuant to the habitual offender statute. The court suspended ten years of the sentence for robbery and ordered that the sentences run concurrently. The net result was a total sentence of forty years.

Prior to July 1, 1993, the habitual offender statute required the court to add a fixed term of thirty years to the sentence imposed on the underlying offense unless certain specific conditions were met. On July 1, 1993, the newly amended habitual offender statute went into effect.[1] The new version requires the court to sentence the offender to

"an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three (3) times the presumptive sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years."

I.C. § 35–50–2–8(e). Under the new version, the court has far greater flexibility in imposing habitual offender enhancements. In the present case, based on a presumptive sentence of ten years for an underlying class B felony [I.C. § 35–50–2–5], the enhancement of Lunsford's sentence could have been anywhere from ten to thirty years.

1. The enactment date of the legislation amending the habitual offender statute was May 13, 1993, but no effective date was specified. P.L. 164–

Lunsford argues that the "doctrine of amelioration" should apply, requiring the court to employ the newer, more flexible standard. Under the doctrine of amelioration, a defendant who is sentenced after the effective date of a statute providing for more lenient sentencing is entitled to be sentenced pursuant to that statute rather than the sentencing statute in effect at the time of the commission or conviction of the crime. See Vicory v. State (1980), 272 Ind. 683, 400 N.E.2d 1380, 1381–82. Application of the doctrine of amelioration was explained by Judge Staton of this court as follows:

"The general rule is that the law in effect at the time the crime was committed is controlling. Jackson v. State (1971), 257 Ind. 477, 275 N.E.2d 538; Dembowski [v. State (1968), 251 Ind. 250, 240 N.E.2d 815]. This rule is constitutionally required in the case that a penalty is increased ex post facto by amendment after the commission of the crime. Dembowski, supra. An exception to the general rule is recognized, in other jurisdictions and at least in dicta in previous Indiana cases, when punishment is lessened by amendment after the commission of the crime.

If a statutory amendment mitigates the punishment, there is no constitutional obstacle in the way of applying an amendment effective after the commission of the crime. However, it is a legislative function and not a judicial function to set the amount of the punishment for a crime, within the constitutional limitations. Dembowski, supra. While the penalty must not be excessive and must be proportioned to the nature of the offense, this does not mean that this Court can alter a penalty merely because it seems harsh or merely because we feel a different penalty would be more appropriate. We are bound by the legislature's determination of the appropriate penalty, so long as that penalty is constitutional.

We must determine whether the legislature intended that the statute as amended . . . should be applied to an offense committed before its enactment. . . .

1993. Pursuant to Ind.Code § 1–1–3–3, the legislation took effect on July 1, 1993. I.C. § 1–1–3–3(a).

One source of legislative intent is the general savings statute, which by law is imported into all subsequent repealing or amending acts and obviates the necessity for individual savings clauses. *State v. Hardman* (1896), 16 Ind.App. 357, 45 N.E. 345. This section was enacted to indicate the legislative intent when no intent is expressed or necessarily implied. *State ex rel. Milligan v. Ritter's Estate* (1943), 221 Ind. 456, 48 N.E.2d 993. However, when the intent of the legislature is clear, we need not rely on the intent expressed in the savings statute."

*Dowdell v. State* (1975), 166 Ind.App. 395, 336 N.E.2d 699, 701–02 (footnotes omitted). Judge Staton continues in a footnote as follows:

"If the legislature had enacted an ameliorative amendment, the application of which would be constitutionally permissible to persons who had committed the crime prior to its effective date, we would be willing to find a statement of legislative intent to apply the sentencing provisions of that ameliorative statute to all persons to whom such application would be possible and constitutional. Article I, section 18, of the Indiana Constitution provides: 'The penal code shall be founded on the principles of reformation, and not of vindictive justice.' If there is an express statement by the legislature that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the proscribed act, then to hold that the more severe penalty should apply would serve no purpose other than to satisfy a constitutionally impermissible desire for vindictive justice. We could not ascribe to the legislature an intent to punish for vindictive purposes."

*Id.* 336 N.E.2d at 702 n. 8.

In the present case, the legislature neither expressed that the purpose of the 1993 amendment was to lessen the severity of its former penalty nor specified that the amendment should be applied retroactively. *See* P.L. 164–1993, Section 13. Therefore, we must look to the general savings statute, which provides that:

"[T]he repeal of any statute shall not have the effect to release or extinguish any pen-

alty, forfeiture, or liability incurred under such statute, unless the repealing statute shall so expressly provide; and such statute shall be treated as still remaining in force for the purposes of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

I.C. § 1-1-5-1. Thus, under the savings statute, the provisions of the old habitual offender statute must be applied to Lunsford's sentencing, and the trial court did not err in so doing.

Moreover, this court has held that an amending statute which does not reduce the maximum penalty for an offense is not ameliorative and does not entitle one who has committed an offense prior to the statute's effective date to be sentenced under the later law. *Holliday v. State* (1979), 181 Ind.App. 360, 391 N.E.2d 866, 867. Although the new version of the habitual offender statute reduces the maximum enhancement for class C and class D felonies, the maximum enhancement of a class B or class A felony remains thirty years, as provided by the old statute. Lunsford is not entitled to be sentenced under the amended habitual offender statute.

The judgment of the trial court sentencing Lunsford to a term of forty years is affirmed.

AFFIRMED.

KIRSCH and BARTEAU, JJ., concur.