**Keith BELL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–9410–CR–431.

Court of Appeals of Indiana.

Aug. 18, 1995.

Susan K. Carpenter, Public Defender, Anne–Marie Alward, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

**OPINION**

CHEZEM, Judge.

*Case Summary*

Appellant–Defendant, Keith Bell ("Bell") appeals the sentence imposed for his convictions for forgery, a class C felony, and two counts of attempted fraud, class D felonies. His sentence was enhanced by virtue of his habitual offender status. We reverse and remand.

*Issue*

Bell presents one issue for our review which we restate as follows: whether Bell was entitled to be sentenced pursuant to the 1993 version of the habitual offender statute rather than the version in effect at the time of his commission of the crimes.

*Facts and Procedural History*

The facts most favorable to the judgment indicate that Bell's convictions stemmed from incidents which occurred in 1989. By agreement of the parties, a master commissioner presided over Bell's 1990 trial, sentenced Bell to a thirty-four year term of incarceration, and signed the final order. On direct appeal, Bell's sentence was affirmed. In 1993, the habitual offender statute was amended so that the maximum enhancement for class C and class D felonies was reduced.

In his amended petition for post-conviction relief, Bell, for the first time, asserted that the master commissioner had no authority to enter judgment of conviction. Hence, Bell argued, the 1990 judgment and the accompanying sentence were nullities. Because Bell waited until post-conviction to argue an issue which was available both at trial and on direct appeal, the State could have objected and most likely prevailed on grounds of waiver. *See Floyd v. State* (1994), Ind., 650 N.E.2d 28. However, the State did not make this objection.

In June of 1994, Judge Paula E. Lopossa granted Bell's amended petition, and ordered a new sentencing hearing. Applying the habitual offender provisions in effect at the time he committed the crimes, Judge Lopos-

sa determined Bell's new sentence to be thirty-one and one-half years.

## Discussion and Decision

On appeal, Bell contends the trial court violated Article One, Section Eighteen of the Indiana Constitution when it declined to apply the ameliorative provisions of Ind.Code § 35–50–2–8 in sentencing him as an habitual offender. Bell argues that while the underlying crimes were committed in 1989, his sentencing occurred in 1994. Hence, he should receive the benefit of the 1993 version of the habitual offender statute.

Generally, the statute to be applied when arriving at the proper criminal penalty should be the one in effect at the time the crime was committed. *Patterson v. State* (1988), Ind., 532 N.E.2d 604, 608. Because the time of the crime is selected as an act of free will of the offender, the penal consequences are frozen as of that event. *Parsley v. State* (1980), 273 Ind. 46, 401 N.E.2d 1360, 1362, *cert. denied* 449 U.S. 862, 101 S.Ct. 166, 66 L.Ed.2d 79. As Bell correctly points out, an exception to the general rule exists. This exception, termed the doctrine of amelioration, states that "a defendant who is sentenced after the effective date of a statute providing for more lenient sentencing is entitled to be sentenced pursuant to that statute rather than the sentencing statute in effect at the time of the commission or conviction of the crime." *Lunsford v. State* (1994), Ind. App., 640 N.E.2d 59, 60. In addition, the doctrine is appropriate only if the legislature intended that the statute as amended apply to all persons to whom such application would be possible and constitutional. *Id.* at 60–61.

In order to determine whether the doctrine of amelioration is applicable, we must first determine whether Bell was sentenced after the effective date of the statute. The record indicates the master commissioner originally imposed a sentence upon Bell in 1990. Yet, on post-conviction, Judge Lopossa found that the master commissioner "lacked authority to enter judgment of conviction or to sentence Bell in this case. There has been no final judgment entered." That is, she deemed the master commission-

er's sentence a nullity, and imposed a new sentence in 1994. In view of the fact Judge Lopossa found Bell's initial sentence invalid, his first valid sentence occurred in 1994—approximately one year after the July 1, 1993 effective date of the amended habitual offender statute. Thus, Bell meets the first requirement of the doctrine. Next, we must determine whether the amended habitual offender statute is more lenient than the pre-1993 version, that is, whether the amendment is truly ameliorative. Prior to July 1, 1993, the habitual offender statute required the court to add a fixed term of thirty years to the sentence imposed on the underlying offense unless certain specific conditions were met. The new version requires the court to sentence the offender to "an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three (3) times the presumptive sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years." Ind.Code § 35–50–2–8(e).

Under the new version, the court has far greater flexibility in imposing habitual offender enhancements. *Lunsford,* 640 N.E.2d at 60. The new version of the habitual offender statute reduces the maximum enhancement for class C and class D felonies. *Id.* at 61. For instance, the maximum penalty for a class C felony enhanced for habitual offender status decreased from thirty-eight years under the previous law to twenty years under the present statute. Similarly, the maximum penalty for a class D felony enhanced for habitual offender status decreased from thirty-three years to seven and one-half years. Had the amended statute been utilized to sentence Bell, the resulting sentence would have been significantly shorter than those imposed by either the master commissioner or Judge Lopossa. Therefore, the amendment is truly ameliorative as applied to class C and class D felonies, and as applied to Bell in particular.

Finally, we must attempt to discern the legislature's intent. In *Lunsford,* the defendant was convicted of robbery resulting in bodily injury, a class B felony. A panel of this court held that Lunsford was properly sentenced on the basis of the habitual offender statute in force at the time of his conviction, rather than the amended version in

force at the time of his sentencing. The court supported its holding with its conclusions that the legislature neither expressed that the purpose of amendment was to lessen the severity of its former penalty, nor specified that amendment should be applied retroactively, *and* the amendment did not reduce the maximum enhancement of the class B felony. Bell's case is distinguishable.

As was the case with the new statute in *Dowdell v. State* (1975), 166 Ind.App. 395, 336 N.E.2d 699, the legislature failed to specify in the 1993 amendment when the punishment imposed should be applied. The present habitual offender statute contains no express savings clause. "Legislative intent must therefore be discovered from sources other than the express language of the amended statute." *Id.* 336 N.E.2d at 701. The enactment of an ameliorative sentencing amendment is, in itself, a sufficient indication of the legislative intent that it be applied to all to whom such application would be possible and constitutional, thereby obviating the application of the general savings statute. *Id.* 336 N.E.2d at 702. Our supreme court has endorsed *Dowdell*. *See Lewandowski v. State* (1979), 271 Ind. 4, 389 N.E.2d 706, 707. As we have already determined, Ind.Code § 35–50–2–8 is a truly ameliorative statute as it relates to class C and class D felonies. While the general savings statute has changed in some respects since *Dowdell*, there has been no change in the pertinent language of Ind.Code § 1–1–5–1. Therefore, the application of the general savings statute is unnecessary. We can infer that the legislature's intent was to allow the application of the ameliorative provisions regarding class C and class D felonies to all to whom such application would be possible and constitutional. Accordingly, Bell is entitled to the benefits of the ameliorative provisions of Ind. Code § 35–50–2–8.

Reversed and remanded with instructions to resentence Bell in accordance with the amended version of Ind.Code § 35–50–2–8.

RILEY and STATON, JJ., concur.