**Rodney E. TURNER, Appellant–Petitioner,**

**v.**

**STATE of Indiana, Appellee–Respondent.**

No. 71A04–9508–PC–335.

Court of Appeals of Indiana.

Aug. 8, 1996.

Rehearing Denied Nov. 7, 1996.

Susan K. Carpenter, Public Defender of Indiana, Hope Fey, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Petitioner-Appellant, Rodney Turner ("Turner"), appeals the trial court's denial of his Petition for Post–Conviction Relief. We affirm.

### Issue

Turner presents one issue for our review which we restate as follows: whether Turner

received ineffective assistance of counsel when his trial attorney failed to raise the issue of whether Turner was entitled to sentencing pursuant to an ameliorative statute rather than the statute in effect at the time of his sentencing.

### Facts and Procedural History

We adopt the following facts, as set forth by our supreme court in Turner's direct appeal:

About noon on October 24, 1983, two men, one tall and one short, knocked on the door of the victim's home in South Bend. When the victim opened the door, the men forced their way into her home. One man pulled a telephone from the wall and the other man rifled the victim's purse and hit her on the head with a kitchen pan. The victim was beaten repeatedly with the pan, choked and forced to lie in a bathtub full of water. Her head was forced underneath the water approximately ten times as the two demanded that she tell them the whereabouts of her money. They eventually obtained the victim's car keys and fled in her car.

Police were summoned and the victim gave them a description of the two men, after which she was taken to a hospital where twenty-five stitches were required to close her injuries. Shortly after the robbery, the victim's car was involved in an accident. When police arrived, they noticed the two men who had been driving the car matched the description of the robbers. Appellant and Andre Davis were arrested and taken to the hospital where the victim identified them as the robbers.

*Turner v. State*, 506 N.E.2d 827, 828 (Ind. 1987), *reh. denied.*

A jury convicted Turner of Robbery, a class A felony, and sentenced him to a term of forty (40) years. On direct appeal, our supreme court affirmed the conviction. Thereafter, Turner filed, *pro se*, a Petition for Post–Conviction Relief. Turner then filed his Motion to Amend and Withdraw his Petition for Post–Conviction Relief. Subsequently, a court-appointed attorney filed an Appearance for Turner, and later, filed a Motion to Amend Turner's previously filed Petition. Turner's Petition for Post–Conviction Relief was denied.

### Discussion and Decision

Turner, as petitioner at the post-conviction hearing, had the burden of proving he was entitled to relief by a preponderance of the evidence. Ind.Post–Conviction Rule 1, § 5; *Smith v. State*, 611 N.E.2d 144, 146 (Ind.Ct.App.1993), *trans. denied.* We will not set aside the denial of a post-conviction petition unless the evidence is without conflict and leads unerringly to a result different from that reached by the post-conviction court. *Propes v. State*, 550 N.E.2d 755 (Ind. 1990), *remand* 587 N.E.2d 1291 (Ind.1992), *cert. denied*, 505 U.S. 1226, 112 S.Ct. 3046, 120 L.Ed.2d 913 (1992).

We must determine whether Turner's trial counsel was ineffective. Turner claims counsel was deficient, for failure to seek a continuance of his trial sentence. A continuance would have allowed him to receive the ameliorative benefits of an amended Robbery statute, which was soon to become effective. In essence, Turner contends that his trial attorney did not meet the requirements of the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh. denied.* Our supreme court has applied the *Strickland* standard in Indiana. *See, e.g., Johnson v. State*, 584 N.E.2d 1092 (Ind.1992), *cert. denied*, 506 U.S. 853, 113 S.Ct. 155, 121 L.Ed.2d 105 (1992). First, Turner must show that the performance of his counsel was deficient. We must determine whether, in light of all the circumstances, the identified acts or omissions of counsel were outside the wide range of professionally competent assistance. *Id.* A defendant must demonstrate that counsel's performance was unreasonable under the prevailing professional norms. *Turner v. State*, 580 N.E.2d 665 (Ind.1991), *reh. denied.* "The proper judicial approach is highly deferential and requires a consideration of the totality of the evidence before the jury." *Johnson*, 584 N.E.2d at 1106. "Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through distortions of hindsight. Counsel is presumed competent, and appel-

lant must present strong and convincing evidence to rebut the presumption." *Clark v. State,* 561 N.E.2d 759, 763 (Ind.1990). Second, Turner must show prejudice as a result of the deficient performance. Turner must prove that his attorney's failure to function was so prejudicial that it deprived him of a fair trial. A fair trial is denied when the conviction or sentence results from a breakdown of the adversarial process that renders the result unreliable. *Best v. State,* 566 N.E.2d 1027, 1031 (Ind.1991).

 Turner claims that his counsel was ineffective for failing to obtain a continuance for sentencing. However, Turner did not show how his counsel's representation was deficient. To determine ineffective assistance, we look to the fairness of the adversarial proceeding. *Best,* 566 N.E.2d at 1031. Unreliability or unfairness results if the ineffectiveness of counsel deprives Turner of any substantive or procedural right to which the law entitled. However, there is nothing in the records which suggests that Turner was harmed by his trial counsel's performance. Turner's attorney represented him in a reasonably fair, competent and professional manner. Turner's counsel filed a Motion for Discovery and a Notice of Alibi, requested a continuance of trial, and objected to Court's Instructions. Turner's counsel also filed a Motion in Limine, tendered jury instructions, and requested a continuance of sentencing so Turner's character witness could be heard. Turner's counsel, in light of all circumstances, acted within the range of professional, competent assistance. *Johnson,* 584 N.E.2d at 1106. Accordingly, Turner's counsel's performance was reasonable under the prevailing professional norms. *Turner,* 580 N.E.2d at 665.

 There remains the issue of whether Turner should have been sentenced pursuant to an amended statute or the statute effective at the time of his sentencing. Generally, the statute applied when arriving at the proper criminal penalty should be the one in effect at the time the crime was committed. *Patterson v. State,* 532 N.E.2d 604, 608 (Ind.1988). Because the time of the crime is selected as an act of free will of the offender, the penal consequences are frozen as of that event. *Parsley v. State,* 273 Ind. 46, 401 N.E.2d 1360, 1362 (1980), *cert. denied,* 449 U.S. 862, 101 S.Ct. 166, 66 L.Ed.2d 79. However, an exception to the general rule exists. This exception, the doctrine of amelioration, states that "a defendant who is sentenced after the effective date of a statute providing for more lenient sentencing is entitled to be sentenced pursuant to that statute rather than the sentencing statute in effect at the time of the commission or conviction of the crime." *Lunsford v. State,* 640 N.E.2d 59, 60 (Ind.Ct.App.1994). Additionally, the doctrine is appropriate only if the legislature intended that the statute as amended apply to all persons to whom such application would be possible and constitutional. *Id.* at 60–61.

To determine whether the doctrine of amelioration is applicable, we examine whether the amended 1984 Robbery statute is more lenient than its predecessor, that is, whether the amendment is truly ameliorative. The amended statute distinguished between bodily and serious bodily injury. Prior to September 1, 1984, a class A felony Robbery resulted from either bodily or serious bodily injury to any person.[1] The amended statute, made Robbery a class B felony if committed while armed with a deadly weapon or if it resulted in bodily injury; whereas, it made Robbery a class A felony if it resulted in serious bodily injury.[2] Because the charging information alleged that Turner caused "bodily injury" not "serious bodily injury" the amended statute is truly ameliorative as applied to Turner.

 The State argues that Turner would have been charged with a class A felony, if the ameliorative statute was effective. However, we do not agree with the State's argument. The trial records indicate that the State charged Turner with Robbery causing

1. The presumptive term for a Class A felony, thirty (30) years, could be aggravated by as many as twenty (20) and mitigated by as many as (10) years. Ind.Code § 35–50–2–4.

2. The presumptive term for a Class B felony, ten (10) years, could be aggravated by as many as ten (10) or mitigated by as many as four (4) years. Ind.Code § 35–50–2–4.

"bodily injury" when the statute permitted an allegation of "serious bodily injury." The failure to originally prosecute Turner for "serious bodily injury" waives the State's right to argue the alternative.

Next, we examine whether Turner was sentenced after the effective date of the statute. *Bell v. State,* 654 N.E.2d 856, 858 (Ind. Ct.App.1995). In *Bell,* the defendant was originally sentenced under the old habitual offender statute in force at the time of his conviction. We determined that Bell was entitled to the ameliorative benefits of the new habitual offender statute because his sentencing occurred after the new statute became effective. *Id.* at 857. Turner's case is distinguishable. Our legislators on February 24, 1984, promulgated P.L. 186–1984 which amended the Robbery statute in question. At that time, each act passed at a regular session of the general assembly was to take effect on September 1, following its enactment, unless a different time was specified in the act. Ind.Code § 1–1–3–3 (1984). Since the amended Robbery statute did not specify an effective date, our legislators intended that the statute become effective September 1, 1984. Even though the ameliorative provision was promulgated before Turner's sentence, unlike Bell, Turner's trial and sentence was imposed before the effective date of the statute. Thus, Turner does not meet the requirements of the doctrine of amelioration. Accordingly, Turner is not entitled to be sentenced pursuant to the ameliorative statute.

▮ Beyond his assertions and allegations, Turner has failed to prove that he was prejudiced by his trial counsel's performance. An examination of the record indicates that trial counsel was not deficient. Turner, cannot reasonably expect counsel to improperly file continuances merely to delay proceedings. Filing a false claim seeking a continuance is improper and the failure to do so does not constitute ineffective assistance of counsel. Accordingly, there is no error.

Affirmed.

BARTEAU, J., concurs.

DARDEN, J., dissents with separate opinion.

DARDEN, Judge, dissenting.

I respectfully dissent from the majority's conclusion that counsel's failure to request a continuance did not amount to ineffective assistance.

A review of our supreme court's recitation of the facts from Turner's direct appeal certainly supports his conviction for robbery as a class A felony under the prior robbery statute. *See Turner v. State,* 506 N.E.2d 827, 828 (Ind.1987), *reh'g denied.* However, we may not overlook the fact that the prosecuting attorney is the only entity who may file criminal charges against an accused; and, in this case—assuming a proper investigation was completed—the decision was made to charge Turner with robbery causing "bodily injury," as opposed to "serious bodily injury," as a class A felony pursuant to the prior statute.

Our legislature amended the robbery statute in February, 1984, effective September 1, 1984, to provide that an accused who commits robbery while armed with a deadly weapon, or if the robbery results in a "bodily injury" to the victim commits a class B felony rather than a class A felony. Furthermore, there appears to be no dispute, as noted by the majority, that the amended statute is truly ameliorative as applied to Turner, but only if his case could be tried or he could be sentenced after the effective date of the amended statute.

In my opinion, an amended statute of this magnitude should place any reasonable defense attorney on notice that a delay in his client's case until after the ameliorative statutory provision takes effect would inure to the benefit of the client. The legislature could easily have foreclosed this loophole by providing that the amended statute would *only* apply to crimes committed after September 1, 1984. It did not and, therefore, we can presume that the legislature was aware of the ameliorative effect of the amended statute. Thus, Turner should have received the benefit of that statute.

Accordingly, based upon the peculiar facts and circumstances surrounding this case, I do not believe Turner's counsel's failure to

request a continuance constituted effective assistance of counsel. Given the fact that lawyers are charged with the *duty* to zealously represent their client within the bounds of the law, *Mims v. Commercial Credit Corp.*, Ind., 261 Ind. 591, 307 N.E.2d 867 (1974) (emphasis in original), and the fact the legislature was obviously aware of the ameliorative effect of the new robbery statute, a request for a continuance of Turner's trial or sentencing until after the statute's effective date would not have been a "false claim" as concluded by the majority. Rather, because a lawyer has the duty to at all times protect and preserve the rights of the client, *Landau v. Bailey*, 629 N.E.2d 264 (Ind.Ct.App.1994), I would consider a request for a continuance or delay under the circumstances here to be prudent representation and the failure to request a continuance ineffective assistance of counsel.

For the foregoing reasons, I would reverse Turner's conviction for robbery as a class A felony, and his accompanying forty year sentence, and remand for the entry of a judgment of conviction for robbery as a class B felony and resentencing as a class B felony.