

**FILED**

Nov 19 2020, 8:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Kurt A. Young
Nashville, Indiana

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Koetter,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 19, 2020

Court of Appeals Case No.
20A-CR-504

Appeal from the Marion Superior
Court

The Honorable William J. Nelson,
Judge
The Honorable Mark F. Renner,
Magistrate

Trial Court Cause No.
49G18-1703-F6-10834

**Bradford, Chief Judge.**

# Case Summary

[1] Following a bench trial, Michael Koetter was convicted of six counts of Level 6 felony possession of child pornography. On appeal, Koetter contends that the evidence is insufficient to sustain his convictions. Alternatively, he contends that his convictions violate the prohibitions against double jeopardy set forth in Article 1, Section 14 of the Indiana Constitution. We affirm.

# Facts and Procedural History

[2] In August of 2016, Indianapolis Metropolitan Police Detective Laura Smith received a tip from the National Center for Missing and Exploited Children ("NCMEC") about suspected child pornography on a Gmail account, specifically that "Google reported that a person using the Gmail account, Michaelbkoetter@gmail.com had uploaded seven images of suspected child pornography." Tr. Vol. II p. 12. The tip also provided the cell phone number that had been provided by the user and an upload IP that could be used to pinpoint the location where the upload occurred. Detective Smith explained that after discovering the images, Google shut down the Gmail account and reported the occurrence to the NCMEC, which then passed along the tip to Detective Smith. According to the tip, the images in question were uploaded on June 23, 2016.

[3] After receiving the tip, Detective Smith searched the Indiana Bureau of Motor Vehicles ("BMV") records for the name "Michael Koetter." Tr. Vol. II p. 15.

She found an individual by the name of "Michael B. Koetter" and pulled the BMV photograph for that person. Tr. Vol. II p. 16. Detective Smith then took the phone number "of the person who was associated with that Google account" and "ran a query through IMPD police reports" to see if she could find a match. Tr. Vol. II p. 18. Detective Smith found a record indicating that a "Michael B. Koetter had filed a police report or was involved in a police report" in 2013 and provided officers with the same phone number that had been provided to Detective Smith by Google. Tr. Vol. II p. 18. Detective Smith then went to the address listed for Koetter in the BMV records and found that the home had been vacated and "there was a realty sign in the yard and a realtor's lockbox on the front door." Tr. Vol. II p. 18.

[4] At that point, Detective Smith requested "a grand jury subpoena to AT&T for the IP address that was associated with the uploads." Tr. Vol. II p. 18. AT&T responded to the subpoena and provided Detective Smith with the "subscriber information for the IP address associated with the uploads of the seven files." Tr. Vol. II p. 20. The IP address was registered to Sandra Patterson at an address on Eastwind Street in Indianapolis. Detective Smith learned, and the parties later stipulated, that Koetter had been staying at Patterson's residence on June 23, 2016. Tr. Vol. II p. 73.

[5] During the course of her ensuing investigation, Detective Smith uncovered additional evidence that linked Koetter's phone and Facebook account to Michaelbkoetter@gmail.com. While searching for attribution evidence, which aided Detective Smith in determining ownership of the Gmail account,

Detective Smith discovered that the account had sent an email with a copy of Koetter's driver's license and an email with the subject matter "picture of me," which contained a picture of Koetter. Tr. Vol. II p. 72. Detective Smith also uncovered evidence linking the Gmail account to purchases that had been made by Koetter and delivered to the address listed in Koetter's BMV records. As a result of her investigation, Detective Smith determined that the Gmail account belonged to Koetter and that "[t]here was no other persons that appeared to be using that account." Tr. Vol. II p. 35.

[6] On March 23, 2017, the State charged Koetter with nine counts of Level 6 felony possession of child pornography. Koetter waived his right to a jury trial and a bench trial was held on October 23, 2017. At the conclusion of trial, three counts were withdrawn and the trial court found Koetter guilty of the remaining six counts. In finding Koetter guilty of the six counts, the trial court stated the following:

> I think that the State's investigation, particularly through the subpoena and all of the documents that came from Google, for the attribution, who was the - not just the owner, but the user of the account, satisfies the Court that Michael B. Koetter, the Defendant in this case was the user, not just the owner of the account, but was the user of the account. And there's no evidence that other individuals used that account.
>
> While I understand the Defense's argument that there's a possibility that somebody else did, I don't have evidence of that, that's been presented in any fashion. In fact, all the evidence is, that it was only Michael B. Koetter, the Defendant in this case, from the evidence presented. And for that reason I do find that

the State has met its burden of proof on Counts IV, V, VI, VII, VIII and IX, and that Michael B. Koetter, the Defendant in this case, did possess those items that are now in front of the Court and the evidence in those photographs are child pornography.

That it is clear that those images depict prepubescent children, that the images do not contain any artistic, political significance that there's nothing there that would exempt this from a finding of possession of child pornography, and that is the finding the Court makes at this time, as to those counts.

Tr. Vol. II pp. 87–88. The trial court subsequently sentenced Koetter to an aggregate 545-day sentence, with sixty days executed in the Marion County Jail and the remaining 485 days suspended to probation. The trial court also ordered Koetter to register as a sex offender for ten years.

# Discussion and Decision

## I. Sufficiency of the Evidence

[7] Koetter contends that the evidence is insufficient to sustain his convictions for Level 6 felony possession of child pornography.

When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a

reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146–47 (Ind. 2007) (citations, emphasis, and quotations omitted).

[8]     In order to convict Koetter of Level 6 felony possession of child pornography, the State was required to prove that Koetter knowingly or intentionally possessed with an intent to view:

> (1) a picture;
> (2) a drawing;
> (3) a photograph;
> (4) a negative image;
> (5) undeveloped film;
> (6) a motion picture;
> (7) a videotape;
> (8) a digitized image; or
> (9) any pictorial representation;
>
> that depicts or describes sexual conduct by a child who the person knows is less than eighteen (18) years of age or who appears to be less than eighteen (18) years of age, and that lacks serious literary, artistic, political, or scientific value commits possession of child pornography, a Level 6 felony.

Ind. Code § 35-42-4-4(c) (2015).[1]  Koetter does not contend that the images in question do not qualify as child pornography and the trial court, acting as the trier-of-fact, specifically found that the images in question did qualify as child pornography.  In challenging his conviction, Koetter argues only that the State failed to prove that he knowingly or intentionally possessed the images in question.

[9]  The Indiana Supreme Court has held that "[a] verdict may be sustained based on circumstantial evidence alone if that circumstantial evidence supports a reasonable inference of guilt." *Maul v. State*, 731 N.E.2d 438, 439 (Ind. 2000). Further, while presence at the crime scene alone cannot sustain a conviction, presence, when combined with other facts and circumstances, may raise a reasonable inference of guilt. *Id.*  In this case, while the parties stipulated that Koetter had been staying at Patterson's residence on June 23, 2016, the evidence established more than Koetter's mere presence at the location associated with the upload IP address.

[10]  The evidence established that Koetter owned the Gmail account Michaelbkoetter@gmail.com.  Emails linked Koetter's phone and Facebook account to the Gmail account.  The Gmail account contained pictures of

---

[1] Under the current version of Indiana Code section 35-42-4-4, the quoted language is found in subsection (d).  However, for the purpose of this appeal, we look to the version of the statute that was in effect at the time Koetter committed the charged offenses. *See Bell v. State*, 654 N.E.2d 856, 858 (Ind. Ct. App. 1995) ("Generally, the statute to be applied when arriving at the proper criminal penalty should be the one in effect at the time the crime was committed.")

Koetter, including a picture of his driver's license. The evidence also established that Koetter regularly accessed the Gmail account and there was no evidence indicating that anyone else "appeared to be using that account." Tr. Vol. II p. 35. The evidence, while circumstantial in nature, does more than place Koetter at the location connected to the upload IP address. It connects ownership of the Gmail account to which the images were uploaded to Koetter and raises a reasonable inference of guilt. As such, we conclude that the evidence is sufficient to sustain Koetter's convictions for Level 6 felony possession of child pornography.

[11] Furthermore, to the extent that Koetter argues that it is possible that someone else may have uploaded and accessed the pornographic images via his Gmail account, we reiterate that it is not necessary that the evidence overcome every reasonable hypothesis of innocence. *See Drane*, 867 N.E.2d at 147. While it might have been possible that someone else was responsible for uploading the images to Koetter's account, we agree with both the trial court and the State that there is absolutely no evidence that anyone else did so. Koetter's argument to this effect is pure speculation and does not rebut the reasonable inference that Koetter, himself, was responsible for uploading and possessing the pornographic images.

## II. Double Jeopardy

[12] Koetter alternatively contends that his multiple convictions violate the prohibitions against double jeopardy set forth in Article 1, Section 14 of the

Indiana Constitution, which provides that "[n]o person shall be put in jeopardy twice for the same offense." "Substantive double-jeopardy claims principally arise in one of two situations: (1) when a single criminal act or transaction violates multiple statutes with common elements, or (2) when a single criminal act or transaction violates a single statute and results in multiple injuries." *Powell v. State*, 151 N.E.3d 256, 263 (Ind. 2020). Koetter's argument involves the second situation. Thus, the question is whether Koetter may be punished for six counts of the same offense. *Id.*

[13] In *Powell*, the Indiana Supreme Court recently discussed when a defendant may be punished for multiple counts of the same offense. In doing so, the Court stated

> Our legislature possesses the inherent authority, subject to certain constitutional limitations, to define crimes and fix punishments. This prerogative extends to defining whether a single statutory offense will subsist for a definite period or cover successive, similar occurrences. In resolving a claim of multiplicity, our task is to determine whether the statute permits punishment for a single course of criminal conduct or for certain discrete acts—the successive, similar occurrence"—within that course of conduct. Put differently, we ask whether—and to what extent—the applicable statute permits the fragmentation of a defendant's criminal act into distinct units of prosecution.

*Id.* at 263–64 (internal citations, quotations, and footnotes omitted). The Court concluded that "[t]his inquiry involves a two-step process." *Id.* at 264.

> First, we review the text of the statute itself. If the statute, whether expressly or by judicial construction, indicates a unit of

prosecution, then we follow the legislature's guidance and our analysis is complete. But if the statute is ambiguous, then we proceed to the second step of our analysis.

Under this second step, a court must determine whether the facts—as presented in the charging instrument and as adduced at trial—indicate a single offense or whether they indicate distinguishable offenses. To answer this question, we ask whether the defendant's actions are so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction. If the defendant's criminal acts are sufficiently distinct, then multiple convictions may stand; but if those acts are continuous and indistinguishable, a court may impose only a single conviction. Any doubt counsels against turning a single transaction into multiple offenses.

*Id.* at 264–65 (internal citations, quotations, and footnotes omitted).

[14] In this case, we need only apply the first step as the relevant statute expressly indicates a unit of prosecution. We have previously concluded that "the legislature defined the crime of possession of child pornography listing objects in the singular, e.g., 'a photograph', 'a digitized image', etc. This conveys the legislature's clear intent to make the possession of each photograph or digitized image a distinct occurrence of offensive conduct in violation of the statute." *Brown v. State*, 912 N.E.2d 881, 896 (Ind. Ct. App. 2009). The Indiana Supreme Court implicitly approved this conclusion in *Powell*, citing to our interpretation of Indiana Code section 35-42-4-4 as an example of a statute which, by referring to acts in the singular, indicates a legislative intent to criminalize each possession of child pornography as a distinct violation. *Powell*, 151 N.E.3d at 267.

[15] Koetter was convicted of six counts of Level 6 felony possession of child pornography after the trial court determined that Koetter possessed six distinct images of child pornography. Applying the Indiana Supreme Court's decision in *Powell* and our conclusion in *Brown*, we conclude that Koetter's multiple convictions do not violate the prohibitions against double jeopardy set forth in Article 1, Section 14 of the Indiana Constitution.

[16] The judgment of the trial court is affirmed.

Kirsch, J., and May, J., concur.