**STATE of Indiana, Appellant–Plaintiff,**

v.

**Charles L. MOORE, Appellee.**

**No. 79A02–9702–CR–115.**

Court of Appeals of Indiana.

Dec. 9, 1997.

---

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellant–Plaintiff.

Steven P. Meyer, Rosenthal, Greives, O'Bryan & Meyer, Lafayette, for Appellee.

## OPINION

SULLIVAN, Judge

An interlocutory appeal filed by the State of Indiana challenges the dismissal of three counts of felony child nonsupport against Charles L. Moore. The trial court dismissed the charges because it found I.C. 35–46–1–5(a) (Burns Code Ed. Supp.1997) to be ambiguous.

We affirm.

Because the statute involved is penal, the State may only prevail if the plain language of the statute is clear. Ambiguities must be resolved in favor of the criminal defendant. *Gore v. State* (1983) Ind.App., 456 N.E.2d 1030, 1033. Moreover, criminal statutes "may not be enlarged beyond the fair meaning of the language used and may not be held to include offenses other than those clearly defined." *Bond v. State* (1987) Ind., 515 N.E.2d 856, 858.

The State argues that the imposition of a Class "C" felony under I.C. 35–46–1–5(a) is warranted if an individual owes at least $10,000 in child support. This calculation is not to be made in reference to any one child; rather, the aggregate amount in arrears for all of the individual's children is the applicable standard. However, the language of the statute does not support this construction. I.C. 35–46–1–5(a) makes only one reference as to whom the support is owed: "the person's dependent child." Since the legislature declined to mention the term "children" with regard to the Class "C" felony, it is not appropriate to incorporate the word here.

The record does not indicate that Moore owed more than $10,000 in child support with respect to any individual child. Therefore, the trial court did not err in dismissing the charges.

The judgment of the trial court is affirmed.

FRIEDLANDER and CHEZEM, JJ., concur.