Harold E. HELLUMS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 14A04–0104–CR–155.

Court of Appeals of Indiana.

Nov. 30, 2001.

Susan K. Carpenter, Public Defender of Indiana, Gregory L. Lewis, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Chief Judge.

Harold E. Hellums appeals his sentence for attempt to deal in a Schedule II con-

trolled substance, a class B felony.[1] Hellums raises one issue, which we restate as whether the doctrine of amelioration required the trial court to sentence Hellums for a class D felony rather than a class B felony. We affirm.

The facts relevant to the issue presented follow. On or around March 17, 1999, Hellums and others were in a camper that was parked outside a home. A strong odor of ether was emanating from the camper. When the police searched the camper and home, they found methamphetamine, a liquid containing ephedrine or pseudoephedrine, Sudafed capsules, two empty pseudoephedrine-pill bottles, ether, empty denatured alcohol cans, scales, syringes, a spoon, and receipts for pseudoephedrine and batteries.

On April 8, 1999, Hellums was charged, among other things, with dealing in a Schedule II controlled substance, as a class B felony,[2] for knowingly manufacturing methamphetamine. On July 1, 1999, a new criminal statute, which criminalized "possession of chemical reagents or precursors with intent to manufacture controlled substances," became effective.[3] *See* Ind.Code § 35–48–4–14.5. During Hellums's trial in February of 2001, the trial court instructed the jury regarding attempt to deal methamphetamine, as a class B felony.[4]

On February 23, 2001, a jury found Hellums guilty of attempt to deal a Schedule II controlled substance. On February 26, 2001, the jury determined that Hellums was a habitual offender. On March 19, 2001, the trial court sentenced Hellums to the Indiana Department of Correction for twenty years for the attempt to deal conviction, and then the trial court enhanced that sentence by thirty years because Hellums was a habitual offender.

On appeal, Hellums raises only one issue, which is whether the doctrine of amelioration required the trial court to sentence Hellums for a class D felony rather than a class B felony. Hellums claims that the trial court should have entered his sentence as a class D felony for possession of chemical reagents rather than as a class B felony for attempt to deal methamphetamine. To support this claim, Hellums cites the doctrine of amelioration and argues that, by passing the possession of chemical reagents statute, the "General Assembly effectively reduced the penalty for what Hellums was convicted of doing." Appellant's Brief at 11.

■■■■ The doctrine of amelioration allows a defendant, who is sentenced after the effective date of a statute that provides for more lenient sentencing, to take advan-

---

1. Ind.Code §§ 35–48–4–2(a)(1), 35–50–2–5.

2. I.C. § 35–48–4–2(a)(1). That statute provides, in pertinent part, that: "A person who ... knowingly or intentionally ... manufactures ... a controlled substance, pure or adulterated, classified in schedule I, II, or III ... commits dealing in a schedule I, II, or III controlled substance, a Class B felony...." *Id.*

3. Ind.Code § 35–48–4–14.5. Subsection (b) of the new statute provides, in pertinent part, that: "A person who possesses two (2) or more chemical reagents or precursors with the intent to manufacture ... Methamphet-

amine, a schedule II controlled substance ... commits a Class D felony." I.C. § 35–48–4–14.5(b). Subsection (a) provides a list of "chemical reagents or precursors." *See* I.C. § 35–48–4–14.5(a).

4. Ind.Code § 35–41–5–1. That statute provides, in pertinent part, that: "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony ... of the same class as the crime attempted." *Id.*

tage of the more lenient statute rather than be sentenced under the more harsh statute that was in effect when the defendant was charged or convicted. *Richards v. State,* 681 N.E.2d 208, 213 (Ind.1997). Application of the doctrine is appropriate "only if the legislature intended that the statute as amended apply to all persons to whom such application would be possible and constitutional." *Turner v. State,* 669 N.E.2d 1024, 1027 (Ind.Ct.App.1996), *reh'g denied, trans. denied.* To determine whether the doctrine of amelioration is applicable in a specific case, we examine whether the amended statute is more lenient than its predecessor and whether the defendant was sentenced after the effective date of the amended statute. *Id.* at 1027–1028. An amendment to a statute is only ameliorative if the maximum penalty under the new version of the statute is shorter than the maximum penalty under the old version of the statute. *Russell v. State,* 182 Ind.App. 386, 394–395, 395 N.E.2d 791, 796–797 (1979); *State v. Turner,* 178 Ind.App. 562, 566, 383 N.E.2d 428, 431 (1978).

Neither party contests that Hellums was sentenced after the effective date of the possession of chemical reagents statute. Therefore, the only question that we must address is whether the legislature passed an ameliorative amendment of the statute under which Hellums was convicted. Whether the legislature intended a statute to be ameliorative requires us to interpret the statutes involved. The interpretation of a statute is a question of law reserved for the courts. *State v. Rans,* 739 N.E.2d 164, 166 (Ind.Ct.App.2000), *trans. denied.* We review such pure questions of law de novo. *State v. Moss–Dwyer,* 686 N.E.2d 109, 110 (Ind.1997).

Hellums was originally charged with dealing in a Schedule II controlled substance, under Ind.Code § 35–48–4–2.

Then, the trial court instructed the jury that it could convict Hellums of an attempt to deal, under Ind.Code § 35–41–5–1. The Historical and Statutory Notes provided in West's Annotated Indiana Code indicate that the dealing statute has not been amended since 1996 and the attempt statute has not been amended since 1977. *See* Ind.Code Ann. §§ 35–48–4–2, 35–41–5–1 (1998; 2001 electronic update).

Moreover, the text of Senate Enrolled Act No. 292, which became P.L. 150–1999, provides that "I.C. 35–48–4–14.5 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS...." Senate Enrolled Act No. 292, 111th General Assembly (1999), http://www.state.in.us/legislative/bills/1999/SE/SE0292.1.html (emphasis in original). None of the other text of that Act indicates that the new code section is intended to amend the code sections under which Hellums was convicted. *Id.* Consequently, the legislature intended to create a new crime and did not intend for the new statute to amend the statutes defining attempt and dealing in methamphetamine.

Because the new statute was not intended to reduce the penalty for attempt to deal in methamphetamine, there is not an amendment, much less an ameliorative amendment, under which Hellums should have been sentenced. *See, e.g., Turner,* 178 Ind.App. at 565–566, 383 N.E.2d at 430–431. Therefore, the trial court did not err when it sentenced Hellums for a class B felony. *See Lunsford v. State,* 640 N.E.2d 59, 61 (Ind.Ct.App.1994).

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

NAJAM and RILEY, JJ., concur.