**Bobby Lee TURNER, Jr., Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0610–CR–924.

Court of Appeals of Indiana.

Aug. 3, 2007.

John T. Wilson, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Bobby Lee Turner, Jr. (Turner), appeals his sentence for nonsupport of a dependent child, a Class C felony, Ind.Code § 35–46–1–5(a).

We reverse and remand with instructions.

### ISSUE

Turner raises two issues on appeal, one of which we find dispositive and restate as the following single issue: Whether the trial court properly sentenced Turner.

## FACTS AND PROCEDURAL HISTORY

On June 17, 1992, Turner was ordered to pay child support in the amount of forty dollars ($40) per week. From June 17, 1992 through July 27, 2000, Turner was continuously ordered to pay child support, although at times adjustments were made with respect to the amounts due each week. During that time period, Turner failed to make payments such that by July 27, 2000, he had accumulated a support arrearage of thirteen thousand two hundred ninety-six dollars and forty-four cents ($13,296.44).[1]

On July 27, 2000, the State filed an Information charging Turner with nonsupport of a dependent child, a Class C felony, I.C. § 35–46–1–5(a). For more than six years, the trial was rescheduled and/or continued. Finally, on June 22, 2006, Turner filed a waiver of jury trial. A bench trial was held the following day, however Turner did not appear. Turner was found guilty as charged in *absentia*. On July 17, 2006, the trial court sentenced Turner to six years, with two years on in-home detention and four years on probation.

Turner now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

■ Turner argues that under the doctrine of amelioration, the trial court should have sentenced him to a Class D felony, rather than a Class C felony. Specifically, Turner maintains that because he was sentenced after Ind.Code § 35–46–1–5(a) was amended in 2001 which requires an arrearage of more than $15,000 for a Class C felony, the trial court should have classified his arrearage of $13,296.44 as a Class D felony.

■ Nowhere in our review of the transcript do we find that Turner presented this argument to the trial court or objected to the trial court's sentencing of him under the Class C felony scheme. As a general rule, a party may not present an argument or issue to an appellate court unless the party raised that argument or issue to the trial court. *GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC.*, 764 N.E.2d 647, 651 (Ind.Ct.App. 2002). Likewise, a failure to object at trial results in waiver of the issue on appeal. *Lyles v. State*, 834 N.E.2d 1035, 1050 (Ind. Ct.App.2005), *reh'g denied, trans. denied.* Therefore, Turner's entire argument may be waived for our review. However, because we find little to no precedent on this issue in relation to the crime of nonpayment of child support, we choose to address the issue on its merits.

■ Generally, defendants must be sentenced under the statute in effect at the time the defendant committed the offense. *Jacobs v. State*, 835 N.E.2d 485, 491 n. 7 (Ind.2005); *White v. State*, 849 N.E.2d 735, 741 (Ind.Ct.App.2006), *reh'g denied, trans. denied.* I.C. § 35–46–1–5(a) went into effect on May 2, 2001, more than five years before Turner was sentenced. *See* P.L. 123–2001 § 4. Therefore, typically, Turner would not receive the benefit of the new statute. *See White*, 849 N.E.2d at 742. However, the doctrine of amelioration allows a defendant, who is sentenced after the effective date of a statute that provides for more lenient sentencing, to take advantage of the more lenient statute rather than be sentenced under the more harsh statute that was in effect when the defendant was charged or convicted. *Hellums v. State*, 758 N.E.2d 1027, 1028–29 (Ind.Ct. App.2001). The doctrine is appropriately

---

1. We note that this amount reflects the amount in an amended charging Information, admitted by the State at trial. The original charging Information alleged an arrearage of thirteen thousand thirty one dollars and forty-four cents ($13,031.44).

applied "only if the legislature intended that the statute as amended apply to all persons to whom such application would be possible and constitutional." *Id.* at 1029 (quoting *Turner v. State*, 669 N.E.2d 1024, 1027 (Ind.Ct.App.1996), *reh'g denied, trans. denied*). An amendment to a statute is only ameliorative if the maximum penalty under the new version is shorter than the maximum penalty under the old version of the statute. *Id.*

■ Accordingly, the question we must address is whether the legislature, in 2001, passed an ameliorative amendment of I.C. § 35–46–1–5(a). Whether the legislature intended a statute to be ameliorative requires this court to interpret the statute. *Id.* The interpretation of a statute is a question of law reserved for the courts, and we review such pure questions of law *de novo. Id.*

■ As adhered to in *Bell v. State*, 654 N.E.2d 856, 858 (Ind.Ct.App.1995), in order to determine whether the doctrine of amelioration is applicable we must establish: (1) whether Turner was sentenced after the effective date of the statute; (2) whether the amended statute is more lenient than the previous version, that is, whether the amendment is truly ameliorative; and (3) the legislature's intent.

In the present case, the amended statute took effect May 2, 2001, and the record indicates that Turner was charged on July 27, 2000, but not sentenced until July 17, 2006. Thus, Turner was sentenced after the effective date of the statute, thereby meeting the doctrine's first requirement. Next, we must determine whether the amended nonsupport statute is more lenient than the pre–2001 version. In 2000, when the State filed charges against Turner, for a defendant to be charged with a Class C felony under I.C. § 35–46–1–5(a), he must have been in arrears of more than $10,000 for one child. *See* I.C. § 35–46–1–5(a) (1996). However, within eight months of the charge being filed, and well before Turner was sentenced in 2006, an amended I.C. § 35–46–1–5(a) permitted a defendant to be charged with a Class D felony unless he was in arrears of more than $15,000 for one or more children. *See* I.C. § 35–46–1–5(a).

Therefore, in one respect, the new statute is more lenient in that a parent must owe a greater amount of unpaid child support for one child to trigger classification as a Class C felony, which carries a maximum penalty of eight (8) years. *See* I.C. § 35–50–2–6. Consequently, had the amended statute been utilized to sentence Turner under a Class D felony sentencing scheme, the resulting sentence would have been significantly shorter than that imposed by the trial court, as a Class D felony carries a maximum penalty of just three years. *See* I.C. § 35–50–2–7. However, in another respect, the amended statute is not ameliorative because a defendant who owes back-support to more than one child must now have accumulated only a total of $15,000 in arrearages rather than $10,000 for each child.[2] Consequently, while the amendment may have had an ameliorative effect in Turner's case, the amendment cannot be said to be truly ameliorative, that is ameliorative under all circumstances.

■ Finally, we must attempt to discern the legislature's intent. In determining, giving effect to, and implementing the legislative intent, we are required to construe the statute in such a way as to prevent absurdity and hardship and to favor public convenience. *Medical Assur. of Indiana v. McCarty*, 808 N.E.2d 737, 741

---

**2.** *See State v. Moore*, 688 N.E.2d 917, 918 (Ind.Ct.App.1997), which we discuss later in this Opinion.

(Ind.Ct.App.2004). "In so doing, we should consider the objects and purposes of the statute as well as the effects and repercussions of such an interpretation." *Id.* (quoting *Bushong v. Williamson,* 790 N.E.2d 467, 471 (Ind.2003)). The legislative intent governing the provision as a whole prevails over the strict literal meaning of any word or term. *Id.*

Additionally, we observe that ordinarily an amendment to a statute raises the presumption that the legislature intended to change the law, unless it clearly appears that the amendment was passed in order to express the original intent more clearly. *Townsend v. State,* 793 N.E.2d 1092, 1097 (Ind.Ct.App.2003), *trans. denied.* The legislature's amendment of a statute may also be indicative of its intent when enacting the initial statute. *Olatunji v. State,* 788 N.E.2d 1268, 1272 (Ind.Ct.App.2003), *reh'g denied, trans. denied.* "In amending an act, the legislature is presumed to have in mind the history of the act and the decisions of the courts on the subject matter of the legislation being construed." *Id.* (quoting *Stith v. State,* 766 N.E.2d 1266, 1268 (Ind.Ct.App.2002)). Furthermore, we note that we have previously held that the doctrine of amelioration *does not apply* where the legislature, in a specific saving clause, expressly states an intention that crimes committed before the effective date of the ameliorative amendment should be prosecuted under prior law. *Weatherford v. State,* 654 N.E.2d 899, 900–01 (Ind.Ct.App.1995).

Here, there is no express language or saving clause in the statute to guide us as to whether or not the legislature intended defendants charged under the old law to be sentenced under the new law. As a result, "[l]egislative intent must [ ] be discovered from sources other than the express language of the amended statute." *See Bell,* 654 N.E.2d at 859 (internal citation omitted). Our evaluation of the old and new statutes leads us to believe that the legislature, at least in part, made changes to I.C. § 35–46–1–5(a) in response to a misinterpretation of the statute by this court. In addition to increasing the monetary amount of child support owed for enhancement to a Class C felony, the legislature inserted new language explaining that the offense "is a Class C felony if the *total* amount of unpaid support that is due and owing *for one (1) or more children* is at least [$15,000]." *See State v. Land,* 688 N.E.2d 1307, 1310 (Ind.Ct.App.1997), *trans. denied* (determining that what is described in the first sentence of I.C. § 35–46–1–5(a) is the offense, and the second sentence is the enhancement) (emphasis added). Previously, this court had interpreted the statute as to only require enhancement to a Class C where a defendant owed such an amount to a single dependent child. *See State v. Moore,* 688 N.E.2d 917, 918 (Ind.Ct.App.1997).

Therefore, we conclude that the changes to I.C. § 35–46–1–5(a) were partially made to clarify the legislature's original intent. Yet, we still find it a challenge to discern the legislature's entire purpose in increasing the amount owed in order to qualify as a Class C felony. Perhaps in clarifying its intent that the arrearage calculation include arrearages owed to one or more children, the legislature was prompted to reconsider how much such a total amount should be. Alternatively, the legislature may simply have found the average amount of arrearage to have risen since 1996, and thus determined $10,000 to be too small an amount to warrant the harsher punishment of a Class C felony. Therefore, ultimately, all we can gather is that the legislature intended to clarify the original statute and refine the conduct required for a Class C felony charge of nonsupport of a dependent child. Despite this conclusion, we are still left in a conundrum as to the appropriate sentencing scheme for a defendant in Turner's position.

For the following reasons, we finally conclude that Turner—as a defendant charged when the old statute was in effect and sentenced when the new statute was in effect—was entitled to take advantage of the more lenient sentencing available under the new statute: (1) the new statute contains no saving clause to exclude the doctrine of amelioration from applying; (2) the new statute does have an ameliorative effect in Turner's case; and (3) the full intent of the legislature cannot be determined, and therefore we err on the side of giving Turner the advantage; and (4) Turner was charged less than one year before the new statute took effect; and furthermore, even if his trial had not been continued for more than five years, he nonetheless would have been convicted after the new statute's effective date.[3] Consequently, we conclude that the trial court erred in sentencing Turner for nonsupport of a dependent child as a Class C felony. As a result, we remand this case to the trial court with instructions to sentence Turner in accordance with a Class D felony.

## CONCLUSION

Based on the foregoing, we conclude the trial court improperly sentenced Turner. Due to the application of the doctrine of amelioration, Turner's sentence should reflect that of a Class D felony rather than a Class C felony.

Reversed and remanded with instructions to resentence Turner under the amended version of I.C. § 35–46–1–5(a).

NAJAM, J., concurs.

BARNES, J., concurs in result.

---

**3.** The record indicates that Turner's trial was originally set for May 17, 2001; approximately two weeks after amended I.C. § 35–46–1–5(a) went into effect.