ATTORNEY FOR APPELLANT
Nancy A. McCaslin
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

## In the
## Indiana Supreme Court

FILED
Feb 16 2012, 2:48 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 20S03-1105-CR-268

AMIR H. SANJARI,      *Appellant (Defendant below),*

v.

STATE OF INDIANA ,      *Appellee (Plaintiff below).*

Appeal from the Elkhart Superior Court, No. 20D06-0610-FC-35
The Honorable David C. Bonfiglio, Judge

On Transfer from the Indiana Court of Appeals, No. 20A03-1007-CR-384

**February 16, 2012**

**Dickson, Justice.**

For his failure to pay child support for his two daughters, accumulating a gross arrearage well in excess of $15,000, a jury found the defendant, Amir H. Sanjari, guilty of four offenses: two counts of nonsupport of a dependent child, each a class D felony, plus two additional counts of nonsupport of a dependent child while owing over $15,000 in child support, each a class C felony. The trial court entered judgment only as to the two class C felonies. The defendant appealed, raising several issues, and the Court of Appeals vacated one of the defendant's class C felony convictions but affirmed the trial court in all other respects. Sanjari v. State, 942 N.E.2d 134, 137, 148 (Ind. Ct. App. 2011). We granted transfer and now hold that Indiana Code Section

35-46-1-5 permits a separate class D felony conviction for nonsupport of each dependent child, but only one such offense may be enhanced to a class C felony where the unpaid support for one or more of such children is $15,000 or more. As to all other appellate issues, we summarily affirm the Court of Appeals. Ind. Appellate Rule 58(A)(2).

The defendant and his wife married in 1982 and had two children. Their marriage was dissolved in Elkhart County, Indiana, in 2000, and the defendant was eventually ordered to pay $239 per week as child support to apply to both children, plus additional amounts for educational expenses and to reduce an accumulated support arrearage. The defendant failed to regularly pay such "in gross" support payments[1] and eventually ceased making the child support payments. The defendant was initially charged with two counts of class C felony nonsupport of a dependent child, one count for each child, because the total amount of unpaid support exceeded $15,000. The State later added two additional counts of class D felony nonsupport, one for each child. When initially charged, the defendant was more than $17,000 behind in support, but by the time his trial commenced the arrearage exceeded $56,000. A jury found the defendant guilty of all four counts: a class C felony and a class D felony for each child. The trial court entered judgment only as to the two class C felonies, per Indiana Code Section 35-38-1-6, which provides that, notwithstanding guilty verdicts on separate counts charging both an offense and an included offense, a judgment and sentence "may not be entered against the defendant for the included offense." Ind. Code § 35-38-1-6.

The defendant challenges the trial court judgment, contending that he was erroneously convicted for two class C felonies based upon "[a]n indivisible, 'in-gross' support order" requiring "a specific sum of undivided support for his two daughters." Appellant's Br. at 39–40. The defendant argues that the two counts should have "merged" into one conviction under Indiana double jeopardy jurisprudence. *Id.* at 40.

The State contends that "a defendant may be subject to enhancement of multiple nonsupport offenses, provided that a discrete amount of unpaid support qualifying for the enhancement

---

[1] An "in gross" support order is a court order to pay a single amount for the support of all dependent children to whom support is owed.

be attributable to each enhanced count." Appellee's Transfer Br. at 9. In other words, the State argues that the statute allows for the enhancement of an underlying class D felony to a class C felony for every $15,000 in nonsupport arrears. Thus, the State argues, "a defendant who fails to provide support for four children in the value of $60,000 may be prosecuted and punished for four class C felonies." *Id.* at 10.

Often discussed under the general rubric of Indiana double jeopardy jurisprudence, we recognize "a series of rules of statutory construction and common law that are separate and in addition to the protections afforded by the Indiana Double Jeopardy Clause." Spivey v. State, 761 N.E.2d 831, 834 (Ind. 2002). Among these are situations in which an "enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished." Richardson v. State, 717 N.E.2d 32, 56 (Ind. 1999) (Sullivan, J., concurring) (emphasis omitted). This principle is reflected in the statutory provision prohibiting the entry of judgment and sentence on separate counts charging both an offense and an included offense. *See* Ind. Code § 35-38-1-6. We generally consider claims of multiple sentencing enhancements as matters of statutory interpretation, Nicoson v. State, 938 N.E.2d 660, 663 (Ind. 2010), and there is a "general rule against double enhancements absent explicit legislative direction." Mills v. State, 868 N.E.2d 446, 452 (Ind. 2007); *see also* Nicoson, 938 N.E.2d at 663 (stating that the general rule against double enhancement "remains intact").

The statutory provision defining the criminal offense of nonsupport of a dependent child states in relevant part:

> A person who knowingly or intentionally fails to provide support to the person's dependent child commits nonsupport of a child, a Class D felony. However, *the offense* is a Class C felony if the *total amount* of unpaid support that is due and owing for *one (1) or more children* is at least fifteen thousand dollars ($15,000).

Ind. Code § 35-46-1-5(a) (emphasis added). This language establishes the class C felony as an enhancement of the Class D felony when the "total amount of unpaid support" equals or exceeds $15,000. Because the second sentence begins "the offense," thus relating back to the class D felony defined in the first sentence, the class C felony has no independent meaning without the underlying class D offense of "knowingly or intentionally fail[ing] to provide support." *See* State v. Land, 688 N.E.2d 1307, 1310 (Ind. Ct. App. 1997) (analyzing a previous version of Indiana

3

Code Section 35-46-1-5(a) and reaching the same conclusion), *trans. denied*. Hence, the elements of the class C offense include the elements of the class D offense. That offense is singular in nature penalizing the knowing or intentional "fail[ure] to provide support to the person's dependent *child*" thus "commit[ing] nonsupport of *a child*." *Id.* (emphasis added). But that same offense may incur stiffer penalty—that is, *it may be enhanced*—if the unpaid support due and owing equals or exceeds $15,000. *See id.* The accumulation of support arrearage is not, in and of itself, a separate offense. *See* Land, 688 N.E.2d at 1311 ("Our statute criminalizes the present act of failing to provide child support and enhances it if the amount due and owing at the time of the underlying act is in excess of $1[5],000. Our statute does not criminalize the failure to pay past due support.").

Before 1996, the criminal nonsupport statute provided only for a class D felony. In 1996, the legislature then added the second sentence which read as follows: "However, the offense is a Class C felony if the amount of unpaid support that is due and owing is at least ten thousand dollars ($10,000)." P.L. 213-1996, sec. 4, 1996 Ind. Acts 2658. Under this version, the amount "due and owing" is linked directly to the underlying offense, nonsupport of *a dependent child*. The Court of Appeals, in construing the language of the 1996 version of the statute, noted this distinction in State v. Moore, 688 N.E.2d 917, 918 (Ind. Ct. App. 1997). In Moore, the State charged the defendant with multiple class C felonies based upon "the aggregate amount in arrears for all of [Moore's] children." *Id.* The trial court dismissed the charges and the Court of Appeals affirmed because the support arrearage did not reach the minimum amount "with respect to any individual child." *Id.* In response to the State's argument that the arrearage should be aggregated, the court stated:

> [T]he language of the statute does not support this construction. [Indiana Code Section] 35-46-1-5(a) makes only one reference as to whom the support is owed: "the person's dependent child." *Since the legislature declined to mention the term "children" with regard to the Class "C" felony, it is not appropriate to incorporate the word here.*

*Id.* (emphasis added).

In 2001 the legislature again amended the statute by inserting the words "total" and "for

4

one or more children."[2]  P.L. 123-2001, sec. 4, 2001 Ind. Acts 575.  The specification "for one or more children" thus made clear that the enhancement was not limited to the amount of arrearage "per child" but, instead, required the aggregation of the arrearage for all of a defendant's dependent children.  The addition of the modifier "*total*" before "amount" similarly indicates that the General Assembly intended the defendant's entire support arrearage to be considered as one single enhancing circumstance for purposes of elevating the offense from a class D to a class C felony.  The statute thus provides that a defendant will be subject to conviction for class C felony nonsupport if the amount owed, viewed as an aggregate of all of the defendant's unpaid support for all dependent children, is $15,000 or more.[3]

We conclude that class C felony nonsupport of a dependent child under Indiana Code Section 35-46-1-5(a) is an enhancement of the class D offense under that same section.  The language of the statute authorizes conviction for nonsupport of a dependent child as a class C felony only when the "total amount of unpaid support that is due and owing for one (1) or more children" is at least $15,000.  Ind. Code § 35-46-1-5(a).  We construe this to mean that the enhancement from a D felony to a C felony is triggered by the existence of an aggregate support arrearage totaling "at least fifteen thousand dollars ($15,000)," regardless of the number of children. *Id.*  In other words, the enhancement to a class C felony requires that every dollar over and above the $15,000 threshold will be included as the basis for the same class C felony.  *Id.*

This very same factor, the existence of aggregate unpaid support of $15,000 or more, if used to enhance a conviction of nonsupport for one dependent child from a class D felony to a class C felony, may not also be used to enhance a second class D nonsupport conviction with respect to another child without further punishing the defendant "for the very same behavior or harm" to which he is already subject to punishment by the first enhancement.  Richardson, 717

---

[2] The minimum amount was also raised to $15,000.  P.L. 123-2001, sec. 4, 2001 Ind. Acts 575.

[3] In the present case, the defendant was charged and convicted of nonsupport of two children from the same marriage.  We acknowledge that criminal proceedings may be brought against a defendant for the nonsupport of multiple children who are not all born of the same marriage. *See, e.g.*, Gilliam v. State, 901 N.E.2d 72 (Ind. Ct. App. 2009) (involving the failure to support eight children born of three different women), *trans. not sought*.  Because the issue is not presented in this case, we express no opinion as to whether the amount for enhancement to a class C felony is to be aggregated only as to all dependent children with the same mother or whether it should include all dependent children.

N.E.2d at 56 (Sullivan, J., concurring) (emphasis omitted); Spivey, 761 N.E.2d at 834. Our analysis and holding is not affected by whether a defendant was ordered to pay child support in a single regular sum applicable in aggregate to multiple children (so-called "in gross" support).

The State's contention—that the amount of unpaid support need not be aggregated but may be attributed to individual dependent children and, if $15,000 or more per child, may warrant a separate class C felony enhancement for each such child—is not presented by the facts of this case. The class C felony offenses charged here, and on which the jury was instructed and returned its verdict, did not segregate and identify different amounts of unpaid support totaling $15,000 or more for each child. Based on the charges as expressed in the jury instructions, it is clear that the same behavior or harm ("total amount of support due and owing for one or more children is at least fifteen thousand ($15,000.00) dollars," Appellant's App'x at 895, 897, 916, 918) was used to enhance both of the defendant's D felony convictions to C felonies. For future clarification, however, we do not consider the attribution of separate $15,000 portions of the aggregate arrearage to separate dependent children a proper basis for seeking separate class C felony convictions as to each child. Such a technique might avoid the statutory construction rule of Richardson and Spivey proscribing multiple punishments for the same behavior or harm. But this prosecutorial maneuver would not satisfy the statutory basis for a class C felony nonsupport conviction, which requires that the aggregate, the "total" amount, of unpaid support for *all* of the defendant's dependent children, whether one or more, equal or exceed $15,000.

In this appeal, the defendant has challenged the trial court's judgment imposing two class C felony convictions for nonsupport of a dependent child. Finding the judgment to be erroneous, we vacate it and remand this case to the trial court to enter a new judgment on the jury verdicts, with the nonsupport conviction as to one child to be entered as a class D felony and the nonsupport conviction as to the other child, as enhanced by the accumulated arrearage totaling $15,000 or more, to be entered as a class C felony, and to resentence the defendant accordingly. As noted above, we summarily affirm the decision of the Court of Appeals on all other issues.

## Conclusion

The judgment of the trial court is vacated and this cause is remanded for the entry of judgment on the jury verdicts of guilt as follows: one class C felony as to the nonsupport applicable to one of the dependent children and one class D felony as to the nonsupport of the other dependent child, and for a determination of the appropriate sentence for each conviction.

Shepard, C.J., and Sullivan, Rucker, and David, JJ., concur.