Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 28 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| XAVIER MORTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1107-CR-711 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebecca Pierson-Treacy, Judge
The Honorable Steven Rubick, Magistrate
Cause No. 49F19-1103-CM-18261

**February 28, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Xavier Morton ("Morton") appeals his conviction for Class A misdemeanor carrying a handgun without a license, arguing that the evidence was insufficient to support his conviction. We affirm.

**Facts and Procedural History**

In the early morning hours of March 17, 2011, Indianapolis Metropolitan Police Department Officer Ray Carter ("Officer Carter") was dispatched to investigate a report of a suspicious car in the drive-through lane of a fast food restaurant on West 38th Street in Indianapolis. The vehicle had been in the lane and had not moved for several minutes. When Officer Carter arrived, he observed a black SUV in the drive-through lane. He approached the car and observed a man later identified as Morton in the driver's seat, apparently asleep, with a handgun resting in his lap and his finger on the trigger. After backup officers arrived on the scene, Officer Carter tapped on the window of the car, and Morton woke up. Officer Carter told Morton to put the handgun away, and Morton placed it on the dashboard of his car. Morton then got out of the car as instructed and produced identification. When asked if he had a permit to carry a handgun, Morton gave Officer Carter a handgun permit that had expired on March 15, 2011, two days earlier. Officer Carter contacted his supervisor, who instructed him to arrest Morton.

Later that day, the State charged Morton with Class A misdemeanor carrying a handgun without a license. A bench trial was held on June 13, 2011. At trial, Morton denied that he was sleeping and claimed to only be resting. He also responded affirmatively when his counsel asked if he had "already attempted to have [his license] reinstated." Tr. p. 27. At the conclusion of the evidence, the trial court expressed its

2

concern regarding the propriety of a statute that provided that an individual with a handgun permit that had only recently expired was guilty of a Class A misdemeanor, as opposed to an infraction. Still, the court concluded that Morton was in fact guilty as provided by the relevant statute because his license had expired. The trial court then sentenced Morton to time served. Morton now appeals.

## Discussion and Decision

Morton claims that the evidence was insufficient to support his conviction. Upon a challenge to the sufficiency of evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the verdict, and we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

The State charged Morton with carrying a handgun without a license. Subject to exceptions not relevant here, Indiana Code section 35-47-2-1 (2004 & Supp. 2011) provides that "a person shall not carry a handgun in any vehicle or on or about the person's body without being licensed under this chapter to carry a handgun." Generally, "[a] person who violates section [35-47-2-1] commits a Class A misdemeanor." Ind. Code § 35-47-2-23 (2004).

Morton claims that the evidence was insufficient to support his conviction because he testified that he had attempted to have his expired handgun permit renewed. This, he

3

claims, brings him within the ambit of the handgun license renewal statute, which provides:

> (a) Every initial application for any license under this chapter shall be granted or rejected within sixty (60) days after the application is filed.
>
> (b) The period during which an application for the renewal of an existing license may be filed begins three hundred sixty-five (365) days before the expiration of the existing license. *If the application for renewal of an existing license is filed within thirty (30) days of its expiration, the existing license is automatically extended until the application for renewal is passed upon.*

Ind. Code § 35-47-2-6 (2004 & Supp. 2011) (emphasis added).

Morton emphasizes that his permit had expired less than two full days before he was arrested. Morton reads the above-italicized portion of the renewal statute to mean that, if he applied for a renewal of his permit any time before thirty days *after* his permit expired, then his existing license would be automatically extended until his application was passed upon. That is, Morton claims that even if his permit had expired, he could apply for renewal within thirty days after the expiration date and his permit would be automatically and, in effect, *retroactively* renewed. We disagree.

First, Morton never presented this argument to the trial court and it is therefore waived. See Turner v. State, 870 N.E.2d 1083, 1085 (Ind. Ct. App. 2007) (noting general rule that a party may not present an argument or issue to an appellate court unless the party raised that argument or issue to the trial court); Gonser v. State, 843 N.E.2d 947, 951 (Ind. Ct. App. 2006) (noting well-established rule that court on appeal may not consider evidence or arguments not properly presented to the trial court). Waiver notwithstanding, Morton would not prevail on the merits of his claim.

4

Even if we were to accept Morton's liberal reading of the renewal statute, the only evidence suggesting that Morton renewed his license was the following exchange between him and his trial counsel:

Q. Now, in terms of your license, have you already attempted to have it reinstated?

A. Yes.

Tr. p. 27. Accepting Morton's testimony on its face, he simply did not testify that he applied for a renewal within thirty days of the expiration of his license. And even if he had testified that he had applied to renew his license within thirty days of the expiration date of his old license, the trial court was under no obligation to believe him. See McHenry, 820 N.E.2d at 126.

## Conclusion

Morton's handgun permit had expired, albeit only shortly before he was arrested. Thus, Morton did not have a valid license to carry a handgun. The evidence was sufficient to support his conviction for carrying a handgun without a license.

Affirmed.

FRIEDLANDER, J., and RILEY, J., concur.

5