## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2015, 6:12 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Harry Hobbs
Indiana State Prison
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Harry Hobbs,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 21, 2015<br><br>Court of Appeals Case No.<br>49A04-1505-CR-314<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Lisa F. Borges, Judge<br><br>The Honorable Anne Flannelly, Magistrate<br><br>Trial Court Cause No.<br>49G04-9309-CF-119274 |

**Crone, Judge.**

# Case Summary

Harry Hobbs appeals the denial of his motion to correct erroneous sentence. We conclude that two of his sentences exceed the statutory maximum provided for by the applicable statute. However, Hobbs's aggregate sentence is not facially erroneous. Therefore, we affirm in part, reverse in part, and remand for the trial court to correct the two erroneous sentences and rearrange the consecutive and concurrent relationships among all four of Hobbs's sentences so that his aggregate sentence remains the same.

# Facts and Procedural History

On November 2, 1992, Hobbs committed the crimes from which this appeal stems. On September 15, 1993, the State charged him with Count 1, class A felony rape; Count 2, class A felony criminal deviate conduct; Count 3, class B felony burglary; and Count 4, class A felony criminal deviate conduct. A jury found Hobbs guilty as charged. On July 12, 1994, the trial court sentenced Hobbs to fifty years for Count 1, thirty years for Count 2, twenty years for Count 3, and fifty years for Count 4. The court ordered Counts 1 and 2 to run concurrent to each other and Counts 3 and 4 to run consecutive to each other and to Count 1, for an aggregate sentence of 120 years. Appellant's App. at 9, 87.

Hobbs appealed his convictions and sentence. He argued that the evidence was insufficient to support his convictions, that his convictions violated double jeopardy principles, and that his sentence was manifestly unreasonable. This

Court affirmed. *Hobbs v. State*, No. 49A02-9410-CR-614 (Ind. Ct. App. May 25, 1995).

[4]     On March 27, 2015, Hobbs filed a motion to correct erroneous sentence pursuant to Indiana Code Section 35-38-1-15. He argued that his sentence violated Indiana Code Section 35-50-2-4, as amended July 1, 1994, because the new version reduced the presumptive sentence for a class A felony from thirty years to twenty-five years. He also argued that his aggregate sentence exceeded the limitation in Indiana Code Section 35-50-1-2, as amended effective July 1, 1994, on consecutive sentences arising from an episode of criminal conduct. The trial court found that Hobbs's sentence was not facially erroneous and denied his motion. This appeal ensued.

## Discussion and Decision

[5]     Hobbs appeals the denial of his motion to correct erroneous sentence. Our supreme court has held,

> [A] motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.

*Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). The purpose of a motion to correct sentence "'is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence.'" *Id*. at 785

(quoting *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991)). When we review the trial court's ruling on a motion to correct erroneous sentence, "we defer to the trial court's factual findings and review its decision only for abuse of discretion, and we review its legal conclusions de novo." *Newsom v. State*, 851 N.E.2d 1287, 1289 (Ind. Ct. App. 2006).

[6] Hobbs contends, and the State concedes, that the fifty-year terms imposed on his class A felony convictions in Counts 1 and 4 are in violation of the version of Indiana Code Section 35-50-2-4, effective July 1, 1994, which he asserts applies to his sentences pursuant to the doctrine of amelioration. We agree. "Generally, defendants must be sentenced under the statute in effect at the time the defendant committed the offense." *Turner v. State*, 870 N.E.2d 1083, 1085 (Ind. Ct. App. 2007). However, the doctrine of amelioration allows a defendant who is sentenced after the effective date of a statute that provides for more lenient sentencing to be sentenced pursuant to the more lenient statute. *Id*. "An amendment to a statute is only ameliorative if the maximum penalty under the new version of the statute is shorter than the maximum penalty under the old version of the statute." *Id*. at 1086. The ameliorative statute will apply to defendants sentenced after its effective date only when the legislature fails to

include a specific savings clause.[1] *Jacobs v. State*, 835 N.E.2d 485, 491 n.7 (Ind. 2005).

[7] Hobbs committed his offenses on November 2, 1992, and was sentenced on July 12, 1994. In between these events, Section 35-50-2-4 was amended. At the time Hobbs committed his offenses, Section 35-50-2-4 provided for a presumptive sentence of thirty years for a class A felony, with not more than twenty years added for aggravating circumstances and not more than ten years subtracted for mitigating circumstances. Effective July 1, 1994, Section 35-50-2-4 was amended to change the presumptive sentence to twenty-five years, thereby limiting the maximum term for a class A felony to forty-five years. Pub. Law No. 164-1994, § 3.

[8] Because the maximum penalty under the July 1, 1994 version of the statute is shorter than that provided for in its prior version, the statute is ameliorative. In addition, the legislature did not include a specific savings clause, so it is applicable to defendants sentenced after its effective date. Therefore, we conclude that under the doctrine of amelioration, Hobbs is entitled to be sentenced pursuant to the July 1, 1994 version of Section 35-50-2-4. *See Payne v. State*, 688 N.E.2d 164, 165 (Ind. 1997) (concluding that amendment to Ind. Code § 35-50-1-2, effective July 1, 1994, applied to defendant sentenced in

---

[1] "A savings clause expressly states an intention that crimes committed before the effective date of the ameliorative amendment should be prosecuted under prior law." *Payne v. State*, 688 N.E.2d 164, 165 n.6 (Ind. 1997).

December 1994). In this respect only, the trial court erred in denying Hobbs's motion, and Hobbs is entitled to relief. Accordingly, we reverse and remand for Hobbs's fifty-year sentences to be revised to forty-five-year sentences, the maximum term permitted under the July 1, 1994 version of Section 35-50-2-4. [2]

[9] Hobbs argues that because his fifty-year sentences for Counts 1 and 4 must be revised, his aggregate sentence also must be revised to 110 years. We disagree. The revision of his fifty-year sentences does not require that his 120-year aggregate sentence be revised because his aggregate sentence is not facially erroneous. [3] Therefore, when the trial court revises Hobbs's fifty-year sentences to forty-five years, it may rearrange Hobbs's sentences to effectuate a 120-year aggregate sentence. *See Wilson v. State*, 5 N.E.3d 759, 765 (Ind. 2014) (concluding that where manner of imposing multiple sentences violated statutory authority but fifty-year aggregate sentence was in compliance with applicable statutes, proper remedy was to remand for trial court to arrange individual sentences so as not to exceed fifty years).

---

[2] Hobbs mistakenly asserts that his sentence for Count 2 must also be reduced. His sentence for Count 2 is thirty years, which does not violate the July 1, 1994 version of Section 35-50-2-4.

[3] Hobbs contends that his crimes constitute an episode of criminal conduct and therefore his aggregate sentence violates the version of Indiana Code Section 35-50-1-2 in effect when he was sentenced. This claim is inappropriate for a motion to correct erroneous sentence. *See Davis v. State*, 978 N.E.2d 470, 474 (Ind. Ct. App. 2012) (stating that whether crimes constitute an episode of criminal conduct requires consideration of circumstances outside the face of the judgment and therefore is not properly presented by motion to correct erroneous sentence). Hobbs's reliance on *Payne*, 688 N.E.2d 164, and *Richards v. State*, 681 N.E.2d 208 (Ind. 1997), is unavailing because both involved direct appeals and not motions to correct erroneous sentence.

Affirmed in part, reversed in part, and remanded.

May, J., and Bradford, J., concur.